# COMPOSITE EXHIBIT - 1

# INDEX TO COMPOSITE EXHIBIT - 1

1.       State Court Docket

2.       Civil Cover Sheet

3.       Complaint and Demand for Jury Trial

4.       Plaintiff's Notice of Interrogatories to Defendant

5.       Plaintiff's Notice of Taking Deposition of Defendant's Corporate Representative

6.       Plaintiff's Request for Production to Defendant

7.       Summons Issued by Clerk of Court

8.       Plaintiff's Request for Admissions to Defendant

9.       Clerk of Court Notice of Compliance

10.     Notice of Appearance and Designation of Primary Email by Cozen O'Connor on behalf of Defendant Westchester Surplus Lines Insurance Company

11.     Defendant Westchester Surplus Lines Insurance Company's Motion for Extension of Time to Respond to Complaint

12.     Plaintiff's Notice of Appearance and Designation of Email

1.

## S & S Pembroke Plaza LLC Plaintiff vs. Westchester Surplus Lines Insurance Company Defendant

**Broward County Case Number:** CACE22002901
**State Reporting Number:** 062022CA002901AXXXCE
**Court Type:** Civil
**Case Type:** Contract and Indebtedness
**Incident Date:** N/A
**Filing Date:** 02/24/2022
**Court Location:** Central Courthouse
**Case Status:** Pending
**Magistrate Id / Name:** N/A
**Judge ID / Name:** 21 Singer, Michele Towbin

### − Party(ies)

Total: 2

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Plaintiff | **S & S Pembroke Plaza LLC** | | ★ Weisser, Kevin Joshua Retained Bar ID: 98828 Weisser Elazar & Kantor, PLLC 800 E Broward Blvd, Suite 510 Ft Lauderdale, FL 33301 **Status: Active** Grichener, Ulyana Yuryevna Retained Bar ID: 112818 Weisser Elazar & Kantor, PLLC 800 E Broward Blvd Ste 510 Fort Lauderdale, FL 33301 **Status: Active** |

| Party Type | Party Name | ❓ Address | ❓ Attorneys / Address ★ Denotes Lead Attorney |
|---|---|---|---|
| Defendant | **Westchester Surplus Lines Insurance Company** | | ★ Dickenson, J D Retained Bar ID: 575801 Edwards Angell Palmer Dodge One North Clematis Street Suite 510 West Palm Beach, FL 33401-0000 **Status: Active** |
| | | | Holober, Evan M Retained Bar ID: 1012320 201 S Biscayne Blvd Ste 1000 Miami, FL 33131 **Status: Active** |

## ➖ Disposition(s)                                                    Total: 0

| Date | Statistical Closure(s) | | |
|---|---|---|---|
| Date | Disposition(s) | View | Page(s) |

## ➖ Event(s) & Document(s)                                            Total: 12

| Date | Description | Additional Text | View | Pages |
|---|---|---|---|---|
| 03/25/2022 | **Notice of Appearance** | AND ELECTRONIC MAIL DESIGNATION Party: *Plaintiff* S & S Pembroke Plaza LLC | 📄 | 1 |

| Date | Description | Additional Text | View | Pages |
|------|-------------|-----------------|------|-------|
| 03/25/2022 | **Motion for Extension of Time** | TO RESPOND TO COMPLAINT<br>Party: *Defendant* Westchester Surplus Lines Insurance Company | 📄 | 3 |
| 03/25/2022 | **Notice of Appearance** | AND NOTICE OF DESIGNATION OF EMAIL ADDRESSES<br>Party: *Defendant* Westchester Surplus Lines Insurance Company | 📄 | 3 |
| 02/25/2022 | **Clerk's Certificate of Compliance W-2020-73CIV/2020-74-UFC** | NONE | 📄 | 1 |
| 02/24/2022 | **Request for Admissions** | Party: *Plaintiff* S & S Pembroke Plaza LLC | 📄 | 3 |
| 02/24/2022 | **eSummons Issuance** | Party: *Defendant* Westchester Surplus Lines Insurance Company | 📄 | 1 |
| 02/24/2022 | **Request to Produce** | Party: *Plaintiff* S & S Pembroke Plaza LLC | 📄 | 3 |
| 02/24/2022 | **Notice of Taking Deposition** | 7/18/2022 10:00am<br>Party: *Plaintiff* S & S Pembroke Plaza LLC | 📄 | 6 |
| 02/24/2022 | **Notice of Service of Interrogs** | Party: *Plaintiff* S & S Pembroke Plaza LLC | 📄 | 5 |
| 02/24/2022 | **Complaint (eFiled)** | COMPLAINT AND DEMAND FOR JURY TRIAL<br>Party: *Plaintiff* S & S Pembroke Plaza LLC | 📄 | 4 |
| 02/24/2022 | **Civil Cover Sheet** | Amount: $100,001.00 | 📄 | 3 |
| 02/24/2022 | **Per AOSC20-23 Amd12, Case is determined General** | | | |

2.

**FORM 1.997. CIVIL COVER SHEET**

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

**I. CASE STYLE**

IN THE CIRCUIT/COUNTY COURT OF THE <u>SEVENTEENTH</u> JUDICIAL CIRCUIT, IN AND FOR <u>BROWARD</u> COUNTY, FLORIDA

<u>S & S Pembroke Plaza Llc</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>Westchester Surplus Lines Insurance Company</u>
Defendant

**II. AMOUNT OF CLAIM**

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

☐ $8,000 or less
☐ $8,001 - $30,000
☐ $30,001- $50,000
☐ $50,001- $75,000
☐ $75,001 - $100,000
☒ over $100,000.00

**III. TYPE OF CASE** (If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

- 1 -

## CIRCUIT CIVIL

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
      ☐ Business governance
      ☐ Business torts
      ☐ Environmental/Toxic tort
      ☐ Third party indemnification
      ☐ Construction defect
      ☐ Mass tort
      ☐ Negligent security
      ☐ Nursing home negligence
      ☐ Premises liability—commercial
      ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
      ☐ Commercial foreclosure
      ☐ Homestead residential foreclosure
      ☐ Non-homestead residential foreclosure
      ☐ Other real property actions

☐ Professional malpractice
      ☐ Malpractice—business
      ☐ Malpractice—medical
      ☐ Malpractice—other professional
☐ Other
      ☐ Antitrust/Trade regulation
      ☐ Business transactions
      ☐ Constitutional challenge—statute or ordinance
      ☐ Constitutional challenge—proposed amendment
      ☐ Corporate trusts
      ☐ Discrimination—employment or other
      ☐ Insurance claims
      ☐ Intellectual property
      ☐ Libel/Slander
      ☐ Shareholder derivative action
      ☐ Securities litigation
      ☐ Trade secrets
      ☐ Trust litigation

## COUNTY CIVIL

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

- 2 -

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

## COMPLEX BUSINESS COURT

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

**IV.  REMEDIES SOUGHT** (check all that apply):
☒ Monetary;
☐ Nonmonetary declaratory or injunctive relief;
☐ Punitive

**V.  NUMBER OF CAUSES OF ACTION:** [  ]
(Specify)

  <u>1</u>

**VI.  IS THIS CASE A CLASS ACTION LAWSUIT?**
    ☐ yes
    ☒ no

**VII.  HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
    ☒ no
    ☐ yes If "yes," list all related cases by name, case number, and court.

**VIII.  IS JURY TRIAL DEMANDED IN COMPLAINT?**
    ☒ yes
    ☐ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Kevin Weisser</u>          Fla. Bar # <u>98828</u>
         Attorney or party           (Bar # if attorney)

<u>Kevin Weisser</u>          <u>02/24/2022</u>
 (type or print name)         Date

3.

Case 0:22-cv-60681-WPD   Document 1-2   Entered on FLSD Docket 04/06/2022   Page 12 of 49

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,**
**IN AND FOR BROWARD COUNTY, FLORIDA**

S & S PEMBROKE PLAZA, LLC,

      Plaintiff,

v.                                  CASE NO.:

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff sues Defendant and alleges:

1. This is an action for damages that exceeds Thirty Thousand Dollars ($30,000.00) exclusive of interest, costs, and attorney's fees.

2. At all times material hereto, in consideration of a premium paid by Plaintiff, there was in full force and effect a certain property insurance policy issued by Defendant with a policy number of FSF16090426 001 (Policy). A copy of the Policy is incorporated by reference as Plaintiff does not have a full copy of the Policy in Plaintiff's possession, custody, or control.

3. Accordingly, under the terms of the Policy, Defendant agreed to provide insurance coverage to Plaintiff's property against certain losses.

4. Plaintiff's property is located at 6726 Pembroke Road, Pembroke Pines, FL 33023 (Property).

5. On or about August 18, 2021, while the Policy was in full force and effect, the Property was damaged (Loss).

6. Promptly thereafter Plaintiff reported the Loss to Defendant.

7. Accordingly, Defendant assigned claim number KY21K2774354 to the Loss and investigated the Loss.

8. Subsequently, Defendant failed to adjust the Loss pursuant to the unambiguous terms of the Policy.

9. By failing to adjust the Loss pursuant to the unambiguous terms of the Policy, Defendant has materially breached the Policy.

10. Plaintiff suffered and continues to suffer damages resulting from Defendant's material breach of the Policy.

11. All (a) conditions precedent and (b) conditions subsequent to the filing of this action have been satisfied or waived.

## COUNT I – BREACH OF CONTRACT

12. Plaintiff reincorporates paragraphs one (1) through eleven (11) in Count I.

13. By failing to adjust the Loss pursuant to the unambiguous terms of the Policy and by failing to properly respond to said presuit settlement demand, Defendant has materially breached the Policy.

14. Plaintiff suffered, and continues to suffer, damages resulting from Defendant's material breach of the Policy.

15. Plaintiff was obligated to retain the undersigned attorneys for the prosecution of this action and is entitled to reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, Fla. Stat. 626.9373, and/or Fla. Stat. § 627.70152.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter judgment against Defendant for damages, plus interest, court costs, and reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, Fla. Stat. 626.9373, and/or Fla. Stat. § 627.70152.

## COUNT II – PETITION FOR DECLARATORY RELIEF

16. Plaintiff reincorporates paragraphs one (1) through eleven (11) in Count II.

17. This is a first party action for property insurance benefits to which Florida law applies.

18. The State of Florida enacted new legislation, Florida Senate Bill 76, which seeks to regulate, in part, first party lawsuits for property insurance benefits.

19. As part of Florida Senate Bill 76, a new statute was created, Fla. Stat. § 627.70152, and two existing statutes were amended, Fla. Stat. § 627.428(1) and Fla. Stat. 626.9373(1).

20. Collectively, the new statute and the amendments create a new condition precedent to the filing of a first party action for property insurance benefits and places restrictions and limitations on an insured's right to recover attorney's fees.

21. Florida Senate Bill 76, Section 15, states the Bill shall take effect July 1, 2021.

22. Previously, the Florida Supreme Court held where the legislature passes new legislation changing an insured's rights or ability to recovery attorney's fees in a first party action, such legislation may only apply prospectively to insurance policies issued after the effective date of the legislation (even where the legislature expressed an intent for their legislation to apply retroactively). See Menendez v. Progressive Exp. Ins. Co., Inc., 35 So. 3d 873, 878 (Fla. 2010).

23. Plaintiff believes, but is in doubt, that the changes in Florida Senate Bill 76 do not apply in this action as the subject policy has an effective date prior to July 1, 2021.

24. In this action, Plaintiff retained the undersigned attorneys, in part, to determine Plaintiff's rights as potentially modified by Florida Senate Bill 76 and against the Defendant, therefore Plaintiff demands Plaintiff's reasonable attorney's fees are paid pursuant Fla. Stat. § 627.428, Fla. Stat. 626.9373, and/or Fla. Stat. § 627.70152.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court enter declaratory judgment against Defendant determining that the changes in the law established by Florida Senate Bill 76 do not apply to this action and for Plaintiff's reasonable attorneys' fees pursuant to Fla. Stat. § 627.428, Fla. Stat. 626.9373, and/or Fla. Stat. § 627.70152.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues triable as a matter of right.

Dated: February 24th, 2022.

                         Respectfully submitted,

By:    /s/ Kevin Weisser
         KEVIN WEISSER
         Florida Bar No: 98828
         WEISSER ELAZAR & KANTOR, PLLC
         Attorneys for Plaintiff
         800 East Broward Boulevard, Suite 510
         Fort Lauderdale, FL 33301
         T: (954) 486-2623
         F: (954) 572-8695
         Email: KW@WEKLaw.com
                JK@WEKLaw.com
                Service@WEKLaw.com

4.

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

S & S PEMBROKE PLAZA, LLC,

      Plaintiff,

v.                                CASE NO.:

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.

_____/

### PLAINTIFF'S NOTICE OF SERVICE OF
### FIRST INTERROGATORIES TO DEFENDANT

Pursuant to Rule 1.340, Florida Rules of Civil Procedure, the Plaintiff, S & S Pembroke Plaza,

LLC, by and through their undersigned counsel, propound the following First Interrogatories on

the Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, to be answered

in writing, under oath, within the time allowed in accordance with the Florida Rules of Civil

Procedure.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon
the Defendant in this action along with the Complaint.

                         By:    /s/ Kevin Weisser
                                   KEVIN WEISSER
                                   Florida Bar No: 98828
                                   WEISSER ELAZAR & KANTOR, PLLC
                                   Attorneys for Plaintiff
                                   800 East Broward Boulevard, Suite 510
                                   Fort Lauderdale, FL 33301
                                   T: (954) 486-2623
                                   F: (954) 572-8695
                                   Email: KW@WEKLaw.com
                                          JK@WEKLaw.com
                                          Service@WEKLaw.com

## **FIRST INTERROGATORIES TO DEFENDANT**

1.    Please state the name, title, current business address, and phone number of all persons answering or assisting with the answering of this set of interrogatories.

2.    Please state the date that the Insurance Company first received notice from the Insureds for a claim of benefits under the Policy for property damages as described in the Complaint in this lawsuit.

3.    In reference to the Insurance Company's denial of the Insureds' claim for benefits under the Policy, please state:
    a.    The date the decision to deny the claim was made.
    b.    Identify each person who participated in the decision to deny the Insureds' claim.
    c.    Describe each and every fact upon which you relied upon in forming the basis for your denial of the Insureds' claim.
    d.    Identify each document sent by the Insurance Company to the Insureds detailing the reasons why the Insurance Company denied the Insureds' claim.
    e.    State the location, including, page(s), line(s) and paragraph number(s), and the exact language contained in the Policy, which you used to base your decision to deny coverage of the Insureds' claim.

4.    Identify each person, by name, address, phone number and position, whom on behalf of the Insurance Company, inspected the Insureds' Property in the reference to the claim for benefits under the Policy, including his or her field of expertise and the date of each inspection.

5.    Identify each written estimate for repair or replacement, including the amount set forth in each estimate, which has been provided to the Insurance Company by the Insureds in reference to the Insureds' claim for benefits under the Policy.

6.    Identify all persons (other than the Insurance Company) believed or known by you, your agents or attorneys to have knowledge concerning any of the issues raised by the pleadings, specifying the subject matter about which witnesses have knowledge and

state whether you have obtained any statements (oral, written or recorded) from any of said witnesses, list the dates any such witness statements were taken, by whom any such witness were taken and who has the present possession, custody and control of any such statements.

7.      Identify all persons who, on the Insurance Company's behalf, have in any way participated in the investigation, evaluation, adjusting or handling of the claim involved hereto.  Please specify the nature of the participation for each and every such person and give the time period during which they participated.

8.      For each decision that was made that the claim of the Insureds was allegedly not covered under the Policy, please state the date you first decided that the Insureds' claim was allegedly not covered, the date you arrived at the conclusion the Insureds' claim was not covered and the names and address and phone number and the dates of involvement of each and every person that knows any information concerning these matters.

9.      Please describe all requests made by the Insurance Company upon the Insureds (i.e., requests for examination under oath, information, documents, sworn proofs of loss, etc.) in reference to this claim and the dates made.

10.    With reference to each of your affirmative defenses raised in the lawsuit, please describe each and every fact upon which you rely to substantiate such affirmative defense, including identification of all witnesses to each fact.

11.    Please verify the date the Policy became effective.

12.   Please state the amount of money paid by the Insureds towards the premium of the Policy in place at the time of the Loss.

13.   Please state whether or not you performed any inspections of the insured premises prior to the Loss.  If so, provide the date the inspection was performed, the purpose of the inspection, by whom and their contact information.

14.   Please provide the name and contact information for the agent that sold the Policy to the Insured.

15.   If you contend that the Insured did not comply with the terms and conditions set forth in the Policy please describe:
   a.   The term and/or condition of the Policy not complied with;
   b.   How the Insured failed to comply with the term and/or condition;
   c.   When a request was made by you demanding compliance with the term and/or condition of the Policy;
   d.   Why compliance with the terms and/or condition was necessary for you to adjust the Loss and determine coverage.

16.   Please verify the name, phone number, address and title of the corporate representative(s) with the most knowledge regarding the allegations set forth in the complaint.

17.   Please identify all claims made by the Insureds for the Insureds' premises.

By:_____

Name: _____

Title: _____


STATE OF FLORIDA                )
                                ) ss
COUNTY OF _____)


     SWORN TO and SUBSCRIBED before me by _____, who is personally known to me or has produced (_____) as identification and who did/did not take an oath and verified that the foregoing Answers to Interrogatories are true and correct.

     DATED this _____ day of _____, 2021.

                     NOTARY PUBLIC, State of Florida


                     _____
                     Signature of Notary Public


                     _____
                     Typed or Printed Name of Notary Public
                     My commission expires:

5.

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

S & S PEMBROKE PLAZA, LLC,

      Plaintiff,

v.                             CASE NO.:

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.

_____/

## PLAINTIFF'S NOTICE OF TAKING
## DEPOSITION DUCES TECUM OF DEFENDANT'S DESIGNATED
## <u>CORPORATE REPRESENTATIVE(S) PURSUANT TO RULE 1.310(b)(6)</u>

PLEASE TAKE NOTICE that Plaintiff through the undersigned counsel will take the deposition, by oral examination of the following person(s) per Rule 1.310(b)(6) as indicated below or at such other location, time, and date as is mutually agreed upon by counsel or ordered by the Court, before an associate or deputy court reporter who is not of counsel to the parties or interested in the events of this cause.

| Name | Date | Time | Place |
|------|------|------|-------|
| Any and all witnesses designated as corporate representative(s) for Defendant per Rule 1.310(b)(6) regarding the topics and subjects listed on Schedule "A" and documents listed on Schedule "B", and regarding the subject insurance claim bearing claim number KY21K2774354. | 7/18/2022 | 10:00am | Weisser, Elazar & Kantor, PLLC 800 E Broward Blvd, Suite 510 Fort Lauderdale, FL 33301 T: (954) 486-2623 |

The deponent(s) is/are directed to produce for inspection or copying at the time of deposition the documents called for in the attached Schedule "B" [and as to any documents over which a claim of privilege is asserted, a privilege log per Rule 1.280(b)(5)].

The deposition(s) is/are being taken for the purpose of discovery, for use at trial, or for such other purposes as are permitted under the Florida Rules of Civil Procedure. The deposition will continue from day to day until completed.

In an effort to expedite the deposition(s), Plaintiff's counsel requests that the requested documents responsive to Schedule "B" be produced at least ten (10) days before the date of the deposition(s), to allow the parties to conduct the deposition quickly and efficiently. This will

eliminate the need for Plaintiff's counsel having to review the documents for the first time at the deposition(s) with the deponent(s). Plaintiff will reimburse deponent(s) for all reasonable costs associated with producing the requested documents prior to the depositions.

Further, to the extent any privilege or confidentiality is claimed to apply to the requested documents, the deponent(s) are directed to bring such responsive documents to the deposition(s) so that they can fully answer all of counsel's questioning. However, a privilege log as contemplated under Florida Rule of Civil Procedure 1.280(b)(5) may be produced prior to and at the deposition(s) in lieu of the actual documents over which such claim(s) is asserted. Any such privileged documents are nonetheless requested to be available at the deposition(s) for the deponent(s) to review during the deposition(s) in order to fully answer all questions. Such review will not be deemed a waiver of any claimed privilege.

## CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon the Defendant in this action along with the Complaint.

By:  /s/ Kevin Weisser
   KEVIN WEISSER
   Florida Bar No: 98828
   WEISSER ELAZAR & KANTOR, PLLC
   Attorneys for Plaintiff
   800 East Broward Boulevard, Suite 510
   Fort Lauderdale, FL 33301
   T: (954) 486-2623
   F: (954) 572-8695
   Email: KW@WEKLaw.com
        JK@WEKLaw.com
        Service@WEKLaw.com

## SCHEDULE "A"

1. The Corporate Representative who can identify by full name and company title all those persons who participated in making the decisions by or on behalf of Defendant determining the value of Plaintiff's claim, to pay Plaintiff's claim, or to withhold any payments(s) of insurance proceeds to the Plaintiff for his/her claim under the insurance policy.

2. The Corporate Representative with knowledge of Defendant's investigation, adjustment, and valuation of Plaintiff's claim.

3. The Corporate Representative knowledgeable about the factual basis and all policy language upon which Defendant's Answer is based, including all denials and affirmative defenses raised by Defendant in this cause.

4. The Corporate Representative who can identify and explain how the events which occurred to cause Plaintiff's damages constitute events excluded from the coverage provided by the policy of insurance or why Plaintiff's claim or damages are not otherwise covered under the policy of insurance.

5. The Corporate Representative with knowledge who can describe comprehensively and in detail Defendant's investigation, adjustment and handling of the Plaintiff's claim from the date it was initially reported to Defendant until the date of this lawsuit.

6. The Corporate Representative who can describe, comprehensively and in detail, any and all decisions made on behalf of Defendant with regard to the adjustment, investigation, and payment or failure to pay Plaintiff's claim which is the subject of this suit and the basis for those decisions.

7. The Corporate Representative who can testify regarding the date Defendant reasonably anticipated litigation with Plaintiff for the subject claim and all circumstances which gave rise to the Defendant's reasonable expectation or belief that litigation would ensue, result or arise regarding Plaintiff's claim at issue in this lawsuit.

8. The Corporate Representative who can identify and explain Defendant's responses to Plaintiff's discovery requests and all facts and policy language which support Defendant's responses to Plaintiff's discovery requests.

9. The Corporate Representative who can testify regarding the cause of loss that Defendant attributed to Plaintiff's claim and all reasons for Defendant's assignment of that cause of loss.

10. The Corporate Representative who can describe and state in detail and with specificity all damages to Plaintiff's insured property, caused, directly or indirectly, by the subject incident.

## SCHEDULE "B"

1. All documents you reviewed in preparation for this deposition.

2. All documents you will rely on in responding to the topics in Schedule "A" during this deposition.

3. For any documents withheld from paragraphs 1 and 2 above due to a claim of attorney-client privilege, work product privilege or any other claimed right of privilege, provide a privilege log pursuant to Florida Rule of Civil Procedure 1.280(b)(5).

4. The complete original written, printed, and electronic claim file(s) of Defendant and its adjusters including all independent or third-party adjusters involved in adjusting, inspecting, and handling Plaintiff's claim or loss (cover-to-cover), from the home office, regional office and local office for the subject claim, including but not limited to:

   a. All letters, memoranda, and other forms of written or computerized communication to or from any employee of Defendant that concern, refer, or relate in any way to the adjusting, processing, or handling of the claim at issue in this action.

   b. All written or computerized records of any oral communication, whether in person or by telephone, to or from any employee of Defendant that concern, refer, or relate in any way to the processing of the subject claim.

   c. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee, representative or agent of Defendant and Plaintiff, or his/her representatives or agents that concern, refer, or relate in any way to the subject claim(s).

   d. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any adjuster that concern, refer, or relate in any way to the subject claim(s).

   e. All written or computerized records of any investigation or adjustment activities by Defendant and its adjusters, from the date of loss through the earlier of the date of this lawsuit or the date litigation was first anticipated by Defendant with regard to the subject claim.

   f. All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, to or from any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff's claim.

g.  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between Plaintiff and any employee of Defendant and its adjusters that concern, refer, or relate in any way to the decision by any employee of Defendant to pay, deny, withhold, delay payment, or conditionally or partially pay Plaintiff's claim.

h.  All written or computerized communications and written or computerized records of oral communications, whether in person or by telephone, between any employee of Defendant and any third party that concern, refer, or relate in any way to the decision by any employee or agent of Defendant to pay, deny, withhold, delay payment or conditionally or partially pay Plaintiff's claim.

i.  All activity logs, diaries, claim notes or logs created by any adjuster, claim representative, manager, or supervisor of Defendant or third party adjusters during the adjustment of Plaintiff's claim up until the date of this lawsuit or the date Defendant reasonably anticipated litigation in connection with the claim at issue in this action.

j.  The file folders in which the preceding documents are kept.

k.  All reports and correspondence.

l.  Tapes - video and audio.

m.  Photographs and original negatives.

5.  Copies of all documentation of whatever kind or nature in your possession, custody or control concerning the subject loss, and all files relating to Plaintiff, and his/her claim for damages to the insured property, including but not limited to, certified copies of any applicable insurance policies, recorded statements, documentation of the claim such as proofs of loss, damage estimates, reports or memoranda by Defendant's adjuster(s) regarding the extent of damage and the reasons for payment, delay of payment, withholding of payment, or denial of payment on the subject claim.

6.  All checks reflecting payments made to Plaintiff to date.

7.  A certified copy of the policy of insurance in effect on the subject date of loss.

8.  Copies of all summaries of statements made by Plaintiff and all recorded or transcribed statements taken by you, your representative(s) and/or your attorneys of Plaintiff.

9.  Copies of all correspondence, notices, reports or other communications between you and your representatives and Plaintiff and his representatives regarding the loss at the insured property.

10. Copies of all letters from Defendant that make payment, deny payment, authorize payment or withhold payment for the subject claim.

11. Copies of all documents in your possession, custody or control relating to the insured property, including but not limited to: photographs, video tapes, estimates, sketches, drawings, field notes, estimates for damage(s), reports relied upon by you, reports prepared by you or reports prepared for you or on your behalf of the Plaintiff regarding the loss at the insured property.

12. Copies of all property damage inventories, estimates or reports prepared and received by you and upon which you relied in reaching your conclusions concerning valuation of the loss.

13. Copies of all other documents relied upon by you in reaching any conclusions regarding the Plaintiff's insurance claim and the coverage and payment decisions made on Plaintiff's claim, including all books, tables, depreciation tables, guides, price lists, whatsoever used by you in determining the valuation of the property or property damage sustained by the Plaintiff, the methods of computation used by you in arriving at valuation figures for the property, all reports, calculations, estimates and the like relied upon by you in arriving at any and all figures used in determining the damage to the property.

14. Any and all documents, statements, notes, measurements, test results and related materials relied upon by you in reaching your conclusion to make payment, deny payment, authorize payment or withhold payment of the subject claim.

15. All documents which indicate or support the date when Defendant contends it first reasonably expected or anticipated litigation with Plaintiff and the reasons and factual circumstances which gave rise to that expectation or belief.

16. Defendant's Privilege Log prepared pursuant to Florida Rule of Civil Procedure 1.280(b)(5) identifying with particularity any and all documents withheld from Defendant's response to the preceding paragraphs as privileged, confidential, or otherwise protected from discovery.

6.

**IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
IN AND FOR BROWARD COUNTY, FLORIDA**

S & S PEMBROKE PLAZA, LLC,

    Plaintiff,

v.                          CASE NO.:

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.

_____/

**PLAINTIFF'S REQUEST FOR PRODUCTION TO DEFENDANT**

    The Plaintiff, S & S Pembroke Plaza, LLC, pursuant to Rule 1.350, Florida Rules of Civil

Procedure, propound this Request for Production to Defendant, WESTCHESTER SURPLUS LINES

INSURANCE COMPANY, to produce the items and materials hereinafter set forth on or before the

applicable time prescribed by said rule for inspection and/or copying at the office of the undersigned

attorney, the following items and/or documents:

    1.    A true and correct certified copy of the insurance policy issued described in the

complaint, including all declaration sheet(s), addendums and attachments.

    2.    All photographs taken by Defendant's adjuster during the initial inspection of the

claimed loss.

    3.    Copies of all photographs taken during Defendant's investigation conducted during the

normal business of evaluating the claim.

    4.    All estimates of damage prepared by or on behalf of Defendant after its initial

inspection of the claimed loss.

    5.    Copies of all damage estimates prepared during Defendant's investigation conducted

during the normal business of evaluating the claim.

    6.    All letters, faxes, email communications, and log notes from Defendant's adjusters or

agents which in any manner references any and all damages or causes of loss observed that were

prepared or generated during Defendant's investigation conducted during the normal business of evaluating the claim.

7.      Defendant's entire claim file from the date of the initial notice of the loss until the day before Defendant knew that Defendant was going to deny any further payment or litigate the claim.

8.      Defendant's entire claim file for the entire time that the claim was being handled by Defendant not in anticipation of litigation of the loss.

9.      Any and all correspondence or written communications from Defendant, or its agents to Plaintiff, or their agents, which in any manner pertain to Plaintiff's alleged loss as described in the Compliant.

10.     Any and all correspondence or written communications from Plaintiff, or his agents to Defendant, or its agents, which in any manner pertain to Plaintiff's alleged loss as described in the Complaint.

11.     Any and all photographs taken by the Defendant or Defendant's agents showing the extent of damage to the insured premises involved herein as were taken prior to the filing of this lawsuit.

12.     Any and all tape recordings of any statements made by Plaintiff or Plaintiff's agents or employees.

13.     Any and all transcripts or written statements from the Plaintiff(s) including, without limitation, transcripts of EUO.

14.     Copies of each and every bill or estimate for repair to the subject property submitted to Defendant by Plaintiff or Plaintiff's agents or employees.

15.     Any and all written estimates or reports reflecting examination or inspection by Defendant or Defendant's agents of any of the alleged damage to the insured premises.

16.     All documents relating to or supporting Defendant's denial of any allegation of Plaintiff's Complaint.

17. All documents relating to or supporting each of Defendant's affirmative or general defenses asserted by Defendant.

18. All underwriting files pertaining to the policy of insurance described in the Complaint/Petition.

19. Any and all documents related to any and all other insurance claims made by Plaintiff(s) which are not the subject of this action, including estimates, reports, pictures, cancelled checks, releases, proofs of loss, recorded statements, transcripts of EUO, and correspondence by and between the parties related to any and all said other claims.

20. Any and all brochures, summary statements, pamphlets and advertising materials prepared by or on behalf of Defendant and disseminated to insurance agencies or policyholders which in any manner describe the coverages and/or exclusions under the same type of policy involved in this action.

### CERTIFICATE OF SERVICE

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon the Defendant in this action along with the Complaint.

By:  /s/ Kevin Weisser
KEVIN WEISSER
Florida Bar No: 98828
WEISSER ELAZAR & KANTOR, PLLC
Attorneys for Plaintiff
800 East Broward Boulevard, Suite 510
Fort Lauderdale, FL 33301
T: (954) 486-2623
F: (954) 572-8695
Email: KW@WEKLaw.com
JK@WEKLaw.com
Service@WEKLaw.com

7.

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT
## IN AND FOR BROWARD COUNTY FLORIDA

S & S PEMBROKE PLAZA, LLC,

      Plaintiffs,

vs.                            CASE NO:

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.

_____/

SUMMONS

***THE STATE OF FLORIDA***
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, First Interrogatories, Deposition, Request for Admissions, Request for Production, or Petition in this action on INSURANCE COMMISSIONER pursuant to F.S. 48.151

***By Serving:***

WESTCHESTER SURPLUS LINES INSURANCE COMPANY
Insurance Commissioner
State of Florida
PROCESS SECTION
200 East Gaines Street
Tallahassee, Florida 32399

Each defendant is required to serve written defenses to the Complaint, First Interrogatories, Deposition, Request for Admissions, Request for Production, or Petition on Sapir Elazar, Counsel for the Plaintiffs, Weisser Elazar & Kantor, PLLC, 800 E Broward Blvd., Ste 510, Fort Lauderdale, FL 33301 within twenty (20) days after service, of this summons on that defendant exclusive of the day of service, and to file the original of the Defenses with the clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the complaint or petition.

CLERK OF THE COURT           FEB 25 2022

BY: _____, Deputy Clerk    DATE: _____, 2021.

**BRENDA D. FORMAN**

8.

## IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT,
## IN AND FOR BROWARD COUNTY, FLORIDA

S & S PEMBROKE PLAZA, LLC,

    Plaintiff,

v.                                CASE NO.:

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

    Defendant.

_____/

### PLAINTIFF'S REQUEST FOR ADMISSIONS

The Plaintiff, S & S Pembroke Plaza, LLC, by and through the undersigned counsel, and pursuant to Rule 1.370, Florida Rules of Civil Procedure, requests that the Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, to admit or deny the following:

1. Admit that the insurance policy which forms the subject matter of this lawsuit was issued by the Insurance Company.

2. Admit that the Insurance Company was providing insurance coverage to the property located at 6726 Pembroke Road, Pembroke Pines, FL 33023 at the time of the peril described in the Insured's Complaint.

3. Admit that the cause of the damage at issue is covered under the insurance policy.

4. Admit that the Insured made a claim against the Insurance Company for insurance coverage to the Insureds' property.

5. Admit that the Insurance Company was provided an estimate prepared on behalf of the Insureds.

6.  Admit that the Insurance Company has failed and/or has refused to pay the Insureds' claim as described in the Complaint.

7.  Admit that the only reason for the Insurance Company's denial of payment on the subject claim is a result of its determination that the damage to the Insureds' property is not the result of a covered peril under the subject Policy of insurance.

8.  Admit that the Insurance Company did not make a payment of insurance benefits to or for the benefit of the Insured for the alleged loss described in the Complaint.

9.  Admit that the Insurance Company acknowledges that the Insureds' estimate pertaining to repairs is accurate and correct.

10. Admit that the Insured submitted to the Insurance Company a written estimate of repairs for the damages to have occurred by reason of the loss described in the Complaint.

11. Admit that the damage, as detailed in the Insureds' estimate, is covered under the applicable insurance policy.

12. Admit that the Insurance Company's litigation of the instant action is for the purpose of delaying and/ or avoiding payment to the Insureds.

13. Admit that the Insureds have complied with all post-loss conditions precedent to the filing of this lawsuit.

14. Admit that the Insurance Company assumes liability to the Insureds for the damage sustained to their property.

15. Admit that the Insurance Company is required to pay the Insureds' attorney's fees and costs pursuant to Florida Statute Section 627.428.

16. Admit that the Insured has provided documents to the Insurance Company to aid their investigation.

17. Admit that the Insureds have allowed the Insurance Company to inspect the property at issue and to examine the damage.

18. Admit that the Insureds have made themselves available to the Insurance Company to aid their investigation, including allowing his property to be inspected or submitting to an examination under oath.

## **CERTIFICATE OF SERVICE**

**WE HEREBY CERTIFY** that a true and correct copy of the foregoing was served upon the Defendant in this action along with the Complaint.

By:   /s/ Kevin Weisser
       KEVIN WEISSER
       Florida Bar No: 98828
       WEISSER ELAZAR & KANTOR, PLLC
       Attorneys for Plaintiff
       800 East Broward Boulevard, Suite 510
       Fort Lauderdale, FL 33301
       T: (954) 486-2623
       F: (954) 572-8695
       Email: KW@WEKLaw.com
             JK@WEKLaw.com
             Service@WEKLaw.com

9.

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA**

SFS Pembroke Plaza LLC

Plaintiff

Case No: Cace 22-2901

Judge Division: 21

VS

Westchester SurplusLines Ins.

Defendant

F I L E D
FEB 25 2022
By_____

## CLERK'S CERTIFICATE OF COMPLIANCE

I hereby certify that pursuant to Administrative Order, No. 2020-73Civ/2020-74-UFC:
"**ADMINISTRATIVE ORDER DIRECTING CLERK OF COURTS WITH REGARD TO
DISMISSED CIVIL OR FAMILY CASES**",

**The Clerk has conducted a search for all previous existing civil cases related to
these two parties.**

**Listed below are all the aforementioned related cases:**

None

Brenda D. Forman
Circuit and County Courts

By: _____
Deputy Clerk

10.

Filing # 146459434 E-Filed 03/25/2022 03:52:13 PM

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-002901

S&S PEMBROKE PLAZA, LLC,

      Plaintiff,

v.

WESTCHESTER SURPLUS LINES INSURANCE COMPANY,

      Defendant.

_____/

## <u>NOTICE OF APPEARANCE AND</u><br><u>NOTICE OF DESIGNATION OF EMAIL ADDRESSES</u>

**PLEASE TAKE NOTICE** that John David Dickenson, Esq. and Evan M. Holober, Esq. of the law firm of Cozen O'Connor hereby give notice of their appearance as counsel on behalf of Defendant, WESTCHESTER SURPLUS LINES INSURANCE COMPANY, in the above styled matter. All parties are requested to serve copies of all filings, pleadings, and correspondence to the undersigned counsel, who submit the following email addresses in accordance with Florida Rule of Judicial Administration 2.515(a):

| | | | |
|---|---|---|---|
| **Primary:** | John David Dickenson, Esq. <br> jdickenson@cozen.com | **Primary:** | Evan M. Holober, Esq. <br> eholober@cozen.com |
| **Secondary:** | kdaugharty@cozen.com <br> lmurphy@cozen.com | **Secondary:** | kdaugharty@cozen.com |

*S&S Pembroke Plaza, LLC  v. Westchester Surplus Lines Ins. Co.*
*Case No. CACE-22-002901*
*Notice of Appearance and Designation of Email Addresses*

Respectfully submitted,

**COZEN O'CONNOR**


By:   /s/  John David Dickenson
      John David Dickenson
      Florida Bar No. 575801
      jdickenson@cozen.com
      Evan M. Holober
      Florida Bar No. 1012320
      eholober@cozen.com
      One North Clematis Street, Suite 510
      West Palm Beach, Florida  33401
      Telephone:  (561) 515-5250
      Facsimile:   (561) 515-5230

      *Counsel for Defendant, Westchester Surplus*
      *Lines Insurance Company*


## CERTIFICATE OF SERVICE

I HERBY CERTIFY that a true and correct copy of the foregoing was filed and served via the Court's e-Filing Portal this  25th   day of March, 2022 on All Counsel listed on the following Service List.

      /s/  John David Dickenson
      John David Dickenson


**SERVICE LIST**
*Counsel for Plaintiff*
Kevin Weisser, Esq.
WEISSER ELAZAR & KANTOR, P.A.
800 E. Broward Blvd., Ste 510
Fort Lauderdale, FL 33301
Telephone: (954) 486-2623
Email: KW@WEKlaw.com
      JK@WEKlaw.com
      Service@WEKlaw.com

11.

IN THE CIRCUIT COURT OF THE SEVENTEENTH JUDICIAL CIRCUIT, IN AND FOR BROWARD COUNTY, FLORIDA

CASE NO.: CACE-22-002901

S&S PEMBROKE PLAZA, LLC,

      Plaintiff,

v.

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.

_____/

## MOTION FOR EXTENSION OF TIME TO RESPOND TO COMPLAINT

Defendant, Westchester Surplus Lines Insurance Company ("Defendant") respectfully moves the Court for an Extension of Time to respond to Plaintiff's Complaint, and in support states as follows:

1.    Plaintiff, S&S Pembroke Plaza, LLC ("Plaintiff"), filed the Complaint in this matter in this Court on February 24, 2022.

2.    Defendant was served with the Complaint on March 7, 2022.

3.    Defendant's response to Plaintiff's complaint is due on March 27, 2022.

4.    Counsel for Defendant is still investigating the Plaintiff's allegations and requires additional time to determine any relevant defenses.

5.    Accordingly, Defendant requests a brief extension of time through April 25, 2022 to respond to Plaintiff's Complaint, whether by answer or motion.

6.    On March 25, 2022, counsel for Defendant attempted to contact counsel for Plaintiff by telephone to request an extension to respond to the Complaint but has not received a response from Plaintiff's counsel.

*S&S Pembroke Plaza, LLC  v. Westchester Surplus Lines Ins. Co.*
*Case No. CACE-22-002901*

7.      This Motion is not being made for the purpose of undue delay, and no party will suffer any prejudice if this Motion is granted.

WHEREFORE, Defendant moves this Court for an Order allowing it an extension to respond to Plaintiff's Complaint through and including April 25, 2022, along with such other relief as this Court deems necessary, just and proper.

2

*S&S Pembroke Plaza, LLC v. Westchester Surplus Lines Ins. Co.*
*Case No. CACE-22-002901*

Respectfully submitted,

**COZEN O'CONNOR**


By: ___/s/ John David Dickenson_____

John David Dickenson
Florida Bar No. 575801
jdickenson@cozen.com
Evan M. Holober
Florida Bar No. 1012320
eholober@cozen.com
One North Clematis Street, Suite 510
West Palm Beach, Florida 33401
Telephone: (561) 515-5250
Facsimile: (561) 515-5230

*Counsel for Defendant, Westchester Surplus Lines Insurance Company*


## CERTIFICATE OF SERVICE

I HERBY CERTIFY that a true and correct copy of the foregoing was filed and served via the Court's e-Filing Portal this __25th__ day of March, 2022 on All Counsel listed on the following Service List.

_____/s/ John David Dickenson_____
John David Dickenson

**SERVICE LIST**
*Counsel for Plaintiff*
Kevin Weisser, Esq.
WEISSER ELAZAR & KANTOR, P.A.
800 E. Broward Blvd., Ste 510
Fort Lauderdale, FL 33301
Telephone: (954) 486-2623
Email: KW@WEKlaw.com
      JK@WEKlaw.com
      Service@WEKlaw.com

3

12.

Filing # 146462169 E-Filed 03/25/2022 04:10:22 PM

**IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT,**
**IN AND FOR BROWARD COUNTY, FLORIDA**

S&S PEMBROKE PLAZA, LLC,

      Plaintiff,

v.                            CASE NO.: CACE-22-002901

WESTCHESTER SURPLUS LINES
INSURANCE COMPANY,

      Defendant.

_____/

## NOTICE OF APPEARANCE AND ELECTRONIC MAIL DESIGNATION

Ulyana Y. Grichener, Esq. of Weisser Elazar & Kantor, PLLC gives notice of her appearance as counsel on behalf of Plaintiff and requests service of all pleadings, notices and other papers in this matter. Further, pursuant to Florida Rule of Judicial Administration 2.516, Ulyana Y. Grichener, Esq. designates her primary electronic mailing address as: **UG@WEKLaw.com** and her secondary electronic mailing address as: **AK@WEKLaw.com.**

                              Respectfully submitted,

                              /s/ Ulyana Y. Grichener
                              Ulyana Y. Grichener, Esq.
                              Florida Bar No: 112818
                              Weisser Elazar & Kantor, PLLC
                              Attorneys for Plaintiffs
                              800 E. Broward Blvd., Suite 510
                              Ft. Lauderdale, Florida 33301
                              T: (954) 486-2623
                              F: (954) 572-8695
                              Email: UG@WEKLaw.com
                                         AK@WEKLaw.com

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the foregoing was sent via E-Portal to Attorneys for Defendant on March 25, 2022.

                              /s/ Ulyana Y. Grichener